FILED
 2010 Jun-22  PM 12:55
U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CELESTINO ANTONIO MARTINEZ,** ]<br>]<br>  **Plaintiff,** ]<br>]<br>**v.** ]<br>]<br>**JADE PALACE,** ]<br>]<br>  **Defendant.** ]<br>] | **CV-09-BE-0123-S** |

**MEMORANDUM OPINION**

This Fair Labor Standards Act matter comes before the court on "Defendant's Second Motion for Summary Judgment" (doc. 36).[1] The parties have fully briefed the motion. Defendant Jade Palace asserts in its motion that no genuine issues of material fact exist and judgment as a matter of law is appropriate on Plaintiff's FLSA claim based on enterprise coverage.

Under "enterprise" FLSA coverage, an employee is entitled to time-and-a-half overtime pay if he is employed by "an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). Section 203(s) of the FLSA defines "an enterprise engaged in commerce" as an enterprise that

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; *and*

---

[1] The court previously granted Defendant's partial motion for summary judgment and found as a matter of law that the FLSA's individual coverage did not apply to Plaintiff's claim. Afterwards, the only remaining issue before the court was Plaintiff's enterprise coverage FLSA claim. (doc. 26).

>   (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

(emphasis added).  Thus, for an enterprise to be "engaged in commerce," for purposes of enterprise coverage, a business must have two or more employees handling goods or materials that have been moved in interstate commerce *and* must have annual gross volume of sales or business done in excess of $500,000. See 29 U.S.C. § 203(8)(1)(A)(ii).

In response to Defendant's motion for summary judgment, Plaintiff does not dispute any of Defendant's facts and concedes that he "cannot present a winning argument that the defendant's gross income exceeded $500,000.00 per year as required to establish jurisdiction under enterprise liability." (doc. 40).  Thus, having considered the parties' submissions and the applicable law, the court finds that no genuine issues of material fact exist and Defendant Jade Palace is entitled to judgment as a matter of law as to the enterprise coverage issue.  Accordingly the court will grant Defendant's motion for summary judgment and simultaneously enter an order to that effect.

DONE and ORDERED this 22nd day of June, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE